**SIGNED THIS: September 21, 2005**

_____
**THOMAS L. PERKINS
UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| TOBIE P. THOMAS, | )   No.  05-80305 |
| Debtor. | ) |

## O P I N I O N

The issue raised here is whether a pool table is a household good or furnishing so that a creditor's nonpurchase-money security interest therein is avoidable. The Creditor, Riverside Finance, Inc. ("RIVERSIDE"), as collateral for its loan to the Debtor, Tobie P. Thomas ("DEBTOR"), took a nonpossessory, nonpurchase-money security interest in a pool table, 27" RCA TV, VCR and Video Disc Equipment. The DEBTOR seeks to avoid RIVERSIDE'S lien pursuant to Section 522(f)(1)(B) of the Bankruptcy Code which permits avoidance of a nonpossessory, nonpurchase-money security interest in "household furnishings, household goods . . . that are held primarily for the personal, family, or household use of the debtor or a dependant of the debtor" to the extent that the lien impairs an exemption to which the debtor is entitled.

RIVERSIDE concedes that the TV, VCR and video equipment are household goods and that its lien on those items is avoidable. With respect to the pool table, RIVERSIDE contends that it is neither a household good or furnishing but, rather, is an item better classified as sporting equipment or goods. RIVERSIDE relies on several opinions authored by Judge William V. Altenberger holding that certain sporting or recreational goods are not household goods. These include *In re Buckley,* No. 95-81780 (unpublished, Nov. 14, 1995) (fishing rods and reels, golf clubs, nautilus weight equipment are all sporting goods, not household goods); *In re Bidleman,* 1996 WL 33401219 (Bankr.C.D.Ill. 1996) (exercise bike and weights are sporting goods, not household goods); *In re Reidenouer,* 1996 WL 33401343 (Bankr.C.D.Ill 1996) (ski machine, bicycle and golf clubs are sporting goods, not household goods); *In re VanBeveren,* 1996 WL 33401180 (Bankr. C.D.Ill. 1996) (exercise bike, tents and camping stoves are sporting goods, not household goods).

Judge Larry L. Lessen has also adhered to the same distinction. *In re Nash,* 1997 WL 33479210 (Bankr.C.D.Ill. 1997) (tent, fishing equipment and bicycle are recreational goods, not household goods or household furnishings). The only published opinion involving a pool table is *In re Hicks,* 276 B.R. 84 (Bankr.W.D.Va. 2001). Decided under the Virginia personal property exemption statute permitting an exemption for "household furnishings," the court held that a pool table is a sporting or recreational good, not a household furnishing.

In addition to contending that a pool table is similar to a piano that is used both as a furnishing and for purposes of entertainment, the DEBTOR also attempts to parse the concept of sporting goods between those used outside the house and those used inside.

2

This is a distinction not previously adopted by Judge Altenberger who has held that items usable in the house, such as weight machines and equipment, stationary bikes and ski machines, are nevertheless sporting goods that fall outside the scope of household goods.

Arguably popularized in France in the Middle Ages, the game of billiards or pool, once limited to royalty and the wealthy, is now enjoyed by all socioeconomic classes.[1] Given the proliferation of billiard tournaments and competitions, as well as the basic nature of the game as being played *against* another with the outcome resulting in a winner and a loser, there is no question that pool is a sport and that a pool table is a sporting good. While pool tables are not uncommonly found in private residences, it must be acknowledged that they are also commonly found in commercial establishments such as taverns, college unions and even facilities devoted exclusively to the game: pool halls or parlors.[2] As in many sports, it is possible to earn a living playing billiards and professional pool players now enjoy a slightly higher status than in years past when they were considered as little more than gamblers or con men.[3]

For an item to qualify as a household good under Section 522(f), there must be a functional nexus between the household and the goods found in or around the home used to support and facilitate daily life within the home and the household. *In re McGreevy,* 955 F.2d 957 (4th Cir. 1992). Although it is possible that the goods or equipment necessary to some basic, common forms of recreation might fall within the purview of household goods

---

[1] The first definitive account of the existence of a billiard table was found in a 1470 inventory of the possessions of King Louis XI of France.

[2] The star character, Professor Harold Hill, played by Robert Preston, decried the immoral environment found in pool halls in the 1962 hit Broadway musical, "The Music Man."

[3] *See,* the 1961 movie "The Hustler" starring Paul Newman as Eddie "Fast Eddie" Felson and Jackie Gleason as Minnesota Fats.

to the extent they facilitate daily life within the home, a pool table is more of a luxury sporting good.[4]  Neither is a pool table properly classified as a furnishing as its intended purpose is as a highly specialized implement of sport.

With this background, and consistent with prior authority, the Court determines that a pool table is properly classified as a sporting good and, as such, falls outside the terms "household goods" and "household furnishings" as used in Section 522(f)(1)(B). Therefore, RIVERSIDE'S lien on the pool table is not avoidable under that Code section.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be entered.

### 

---

[4] RIVERSIDE'S prediction that a ruling by the Court that a pool table is a household good would mire the Court in litigation over what items fall within the definition of a household good overlooks the new definition contained in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (S.256, 109th Congress (2005)) (119 Stat 23), which takes effect on October 17, 2005.  Section 313(a) of that Act, adding Code Section 522(f)(4), incorporates a restrictive definition of "household goods," leaving no doubt that a pool table falls outside that classification.